No. 648

CRESSON v. LOUISVILLE COURIER-JOURNAL

U. S. Appeals, 6th Circuit

No. 3918. Decided May 8, 1924

715. LIBEL AND SLANDER—Published account of the report of a majority of a congressional committee held privileged.

MACK, C. J.                    Epitomized Opinion

This was an action for libel by Cresson against the Louisville Courier-Journal The defendant newspaper published an article purporting to be an account of the majority report of the committee appointed by Congress to investigate the escape of Grover Bergdoll, a draft evader. The newspaper stated that the committee report stated that Bergdoll was aided in his escape to Germany by a conspiracy in which Cresson and others named played the leading part. The defense was that the matter complained of was privileged in that it was a publication made in good faith and without malice, of a fair, impartial and correct report of a document issued by a committee of the House of Representatives. The court directed a verdict for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the publication fairly and accurately stated the substance of the report, it was privileged in the absence of actual malice and not actionable.

Attorneys—Wm. Marshall Bullitt and John E. Tarrant, for Cresson; Geo. Cary Tabb, for Louisville Courier-Journal; all of Louisville.

## PUBLISHERS' COLUMN

## The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

CHIEF EDITOR      -      -      W. J. TOSSEL

President      -      -      -      J. F. Laning

Vice Pres. and Cir. Mgr.   -   Sam H. Torrey

Secretary and Treasurer   -   S. R. Laning

Issued Every Wednesday   50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance..$15.00

Single Numbers ........................   .50

It is to be observed from this week's Abstract that the Ohio Supreme Court is again active. Hence it can be relied upon that we shall be able to serve the readers of the Abstract each week with the important output of this great judiciary. We shall continue to link up each decision with prior announcements in the same case, so that the record will be as complete as it can be made, and each week the reader will be provided with the means of getting a useful survey of the entire work of this ruling tribunal.

On page 610 it will be seen that we are this week extending the Supreme Court Service of the Abstract, by publishing its current calendar of cases for hearing. Instead of including all of the calendar in one number, we shall present it, piecemeal, each week's docket just previous to the time when the cases are active. We shall annotate the cases to be heard, to the time they were docketed and the page in the Abstract where the entry was published, as well as to the Court of Appeals case, when it has appeared in the Abstract. The object of this is to enable attorneys who desire to do so, to more easily ascertain the nature of the questions involved, who are the attorneys, and their addresses.

The Abstract is not yet two years old, but it has already published such a large number of Court of Appeals Cases, and of the current proceedings of the Supreme Court, that our system of annotating and cros-connecting the work of the Supreme Court, and other courts, begins to be extremely valuable to the bench and bar, who want to keep in touch with what the courts are doing. Time will add to the efficiency of this service, as we shall soon catch up with the courts, and then it will become indispensable to the profession.